United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 2, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31367
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEAN CLAUDE MCCAULEY,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 01-CR-47-ALL
---------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Dean Claude McCauley appeals his convictions after a jury trial of conspiracy to distribute marihuana, possession with intent to distribute marihuana, two counts of unlawful use of a communications facility, two counts of interstate travel in aid of racketeering, and conspiracy to launder monetary instruments. McCauley argues that the district court abused its discretion in allowing the admission of evidence of his prior convictions for conspiracy to manufacture and to possess with intent to distribute

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

methamphetamine and conspiracy to distribute marihuana. He contends that, in light of the evidence presented at trial, the prior convictions were not relevant to the issue of intent and that the admission of this evidence was unduly prejudicial.

We hold that the district court did not abuse its discretion by admitting evidence of the prior convictions. By pleading not guilty, McCauley placed his intent at issue. Given the unique nature of the intent element in a conspiracy charge and the similarity of the intent requirement of McCauley's prior convictions to the charged conspiracy, the prior convictions were relevant to the issue of McCauley's intent. See United States v. Jackson, __ F.3d __, 2003 WL 21692680, *5 (5th Cir. July 21, 2003) (No. 01-51108). McCauley's defense called into question the credibility of the main witness against him and speculated on legitimate reasons for his association with her. In light of the facts of this case, we hold that the district court did not abuse its discretion in holding that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. See United States v. Buchanan, 70 F.3d 818, 831 (5th Cir. 1995); United States v. Henthorn, 815 F.2d 304, 308 (5th Cir. 1987).

AFFIRMED.